**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3512-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MIGUEL TORRES, a/k/a
MIGUEL TORRES-ZULUAGA,
and MIGUEL ALEJANDRO
TORRES,

    Defendant-Appellant.

_____

Submitted March 16, 2021 – Decided May 19, 2021

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 15-02-0313.

Derek A. DeCosmo, LLC, attorneys for appellant (Derek A. DeCosmo, of counsel and on the briefs; Anne T. Picker, on the briefs).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Miguel Torres-Zuluaga appeals from a March 2, 2020 order denying his petition for post-conviction relief (PCR). He argues that his plea counsel failed to fully advise him of the immigration consequences of his guilty plea and the possibility of an assertion of self-defense. Having conducted a de novo review of the record, we affirm substantially for the reasons explained by Judge Donna M. Taylor in her thorough written opinion where she correctly found that the record established defendant understood the immigration consequences of his plea and he presented no facts suggesting that he could have asserted self-defense.

In 2014, defendant got into a physical fight, used a broken bottle to stab the victim, and caused serious injuries to the victim. In November 2015, defendant pled guilty to second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). At that time, he represented that he was a citizen of the United States.

Before he was sentenced, defendant and his counsel learned that defendant was not a United States citizen. Defendant had been born in Colombia, had come to the United States with his parents as a child, and had become a legal permanent resident in 2009. Accordingly, defendant was allowed to investigate the immigration consequences of his plea.

Thereafter, on April 15, 2016, defendant withdrew his first guilty plea, confirmed that he had the opportunity to consult with an attorney about the immigration consequences of a guilty plea, and entered a new plea, again admitting that he had committed second-degree aggravated assault. Both in his plea forms and in a colloquy with the judge who accepted his guilty plea, defendant acknowledged he understood he would likely be deported if he pled guilty. Defendant also testified that he had consulted with an attorney about the immigration consequences of his plea and, understanding those consequences, he wanted to plead guilty. In May 2016, defendant was sentenced in accordance with his plea agreement to five years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. He did not file a direct appeal.

In June 2019, defendant filed a petition for PCR. He was assigned counsel, and Judge Taylor heard oral arguments on his petition. On March 2, 2020, Judge Taylor issued an opinion and order denying defendant's petition.

In her opinion, Judge Taylor correctly set forth the law governing ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987), and what counsel must do when representing a non-citizen who pleads guilty to a crime, see Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010); State v. Gaitan, 209 N.J. 339, 351

(2012); State v. Brewster, 429 N.J. Super. 387, 392 (App. Div. 2013).  Judge Taylor then reviewed the record and found that defendant was accurately informed that his plea would likely result in his removal from the United States.

Judge Taylor also found that defendant had not shown that his counsel was ineffective in failing to advise him of the possibility of claiming self-defense.  Reviewing the record, Judge Taylor found that defendant presented only bald assertions and there were no facts showing he could have presented a viable claim of self-defense.  See N.J.S.A. 2C:3-4 (setting forth the elements of self-defense); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining that a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel").

Having found that defendant had not shown that his plea was the result of misinformation or misadvice, Judge Taylor correctly found that defendant's guilty plea had been knowing, voluntary, and intelligent.  State v. Gregory, 220 N.J. 413, 418 (2015); see also State v. Johnson, 182 N.J. 232, 236 (2005) (citing R. 3:9-2) (noting courts may only accept pleas which are given knowingly, intelligently, and voluntarily).  Consequently, she rejected defendant's request to withdraw his guilty plea.

4

Finally, Judge Taylor correctly held that defendant had not presented a prima facie showing of ineffective assistance of counsel and, therefore, he was not entitled to an evidentiary hearing.  State v. Porter, 216 N.J. 343, 355 (2013); State v. Preciose, 129 N.J. 451, 462 (1992).

On this appeal, defendant challenges the denial of his PCR petition on two grounds:

> POINT I – THE COURT ERRED IN DENYING AN EVIDENTIARY HEARING SINCE APPELLANT HAD MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO FAILURE TO ADVISE APPELLANT OF THE CLEARLY DELETORIOUS IMMIGRATION IMPLICATIONS OF THE PLEA AGREEMENT THAT HE CHOSE TO ACCEPT ON ADVICE OF COUNSEL.
>
> POINT II – THE COURT SHOULD HAVE GRANTED AN EVIDENTIARY HEARING ON WHY APPELLANT WAS NOT PROPERLY ADVISED REGARDING A SELF-DEFENSE DEFENSE[.]

When a PCR court does not conduct an evidentiary hearing, legal and factual determinations are reviewed de novo.  State v. Harris, 181 N.J. 391, 419 (2004).  The decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion.  Brewster, 429 N.J. Super. at 401.

The arguments defendant makes on appeal are essentially the same arguments he presented to Judge Taylor.  We reject those arguments for the

reasons explained by Judge Taylor in her well-reasoned opinion. We add one additional comment.

Defendant appears to contend that he was misadvised when he was told he may be or likely would be deported if he plead guilty. We reject that argument. Neither defense counsel nor a State judge makes the final determination on whether a defendant will be removed from the United States. Instead, that decision is made by a federal immigration judge after a hearing. Consequently, it is not inaccurate when defense counsel or a State judge informs a defendant who is pleading guilty to a crime that he or she is likely to be or may be deported. See State v. Blake, 444 N.J. Super. 285, 300 (App. Div. 2016). Because such advice is a prediction of future events over which another authority has the final say, there is nothing inaccurate in saying a defendant may or likely will be deported. The critical question is whether a defendant understands that by pleading guilty he or she faces the likely consequence of being removed from the United States.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3512-19